UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA A. YEOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-104 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion to remand [Doc. 11], and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff Patricia A. Yeoman seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through September 30, 2001.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: "seriously limited but not precluded" in her ability to deal with work stress and "mild" difficulties maintaining attention and concentration. There are no exertional limitations.

8. The claimant's past relevant work as a motel desk auditor/clerk/housekeeper and certified nursing assistant (home care) did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

9. The claimant's medically determinable depression does not prevent the claimant from performing her past relevant work.

10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(e) and 416.920(e)).

(Tr. 22-23).

2

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff asserts that her case should be remanded because the ALJ failed to follow several regulations. She contends that the ALJ erred in evaluating the medical opinions of her treating physicians pursuant to 20 C.F.R. § 404.1527[1] and Social Security Ruling ("SSR") 96-8p and erred in evaluating her symptoms pursuant to 20 C.F.R. § 404.1529 and SSR 96-7p. Plaintiff further contends that the hypothetical question did not accurately reflect her physical and mental impairments because the vocational expert ("VE") testified that she would not be capable of performing any job based on the assessments of nurse practitioner Harriet Starkey and consultative psychological

---

[1]Supplemental Security Income citations are not included.

examiner Alice Garland.  Lastly, plaintiff contends that the new and material evidence submitted to the Appeals Council should have been considered.

The Commissioner maintains that none of plaintiff's arguments have merit.  First, she points out that plaintiff does not make clear which physician opinions the ALJ ignored pursuant to 20 C.F.R. § 404.1527, but instead insists that testimony provided by her mother corroborates the medical records of treating physician Dr. Cohen.  Furthermore, the Commissioner notes that instead of pointing to a specific statement or opinion expressed by Dr. Cohen, plaintiff cites to twenty-pages of the record and accuses the ALJ of totally disregarding these records.   The Commissioner maintains that plaintiff's assertion that the ALJ did not consider Dr. Cohen's records is incorrect because medical expert Dr. Schacht, who testified at the hearing, referred to a number of Dr. Cohen's statements. (Tr. 353-54).  For example, he points out that on November 11, 1998 Dr. Cohen stated that plaintiff was doing quite well and that she "states she feels better than she has ever felt in her life." (Tr. 168, 353-54).  Although Dr. Schacht agreed that plaintiff suffered from some rather severe symptoms around the time that her brother died, he also testified that these problems seemed to have resolved as of April 16, 2001, noting that the treatment note from Dr. Cohen on that date indicates that plaintiff was doing well, that a new medication had helped to control her blood pressure, and that her anxiety and depression had also come under better control. (Tr. 153, 158-59, 354).  Therefore, the Commissioner insists that contrary to plaintiff's assertions, the ALJ considered, via Dr. Schacht's testimony, Dr. Cohen's reports.

4

Plaintiff complains also about the way in which the ALJ evaluated the assessment completed by Ms. Starkey, a nurse practitioner, and about the ALJ's failure to include in the hypothetical question the limitations found by Ms. Starkey. (Tr. 20). The Commissioner, however, maintains that Ms. Starkey, a nurse practitioner, is not an acceptable medical source under 20 C.F.R. § 404.1513(a), and that her assessment is incomplete, noting that when asked to assess plaintiff's lifting capabilities, she checked the box "cannot assess" (Tr. 278) and that it is inconsistent with plaintiff's treatment history. (Tr. 20, 278-79). With respect to consultative examiner Ms. Garland, the Commissioner points out that the VE expressed concern about the use of the terms "poor" and "seriously limited" because he felt that those terms were not adequately defined on the form that Ms. Garland completed. (Tr. 377-78). Also, the Commissioner notes that Dr. Schacht stated that Ms. Garland's assessment was ambiguous because she had checked multiple ratings for the same item. (Tr. 367). Therefore, in light of the foregoing, the Commissioner maintains that the ALJ did not err by failing to include Ms. Starkey's or Ms. Garland's limitations in the hypothetical question.

Next, plaintiff contends that the ALJ failed to follow the provisions set forth in SSR 96-7p. Specifically, she challenges the ALJ's statement that her mental condition was not severe enough to warrant treatment as well as his statement that plaintiff showed "poor judgment" when she declined medical tests strongly recommended by Dr. Cohen. (Tr. 17, 19). However, the Commissioner maintains that the ALJ did not fail to follow SSR 96-7p because plaintiff herself told Ms. Garland that she had never had any mental health treatment. (Tr. 262). Further, the Commissioner contends that the use of the words "poor judgment" do not represent

5

Case 3:05-cv-00104   Document 15   Filed 12/12/05   Page 5 of 7   PageID #: 5

a finding or allegation by the ALJ, but rather, are used by the ALJ to recount the testimony of Dr. Schacht. (Tr. 19). Moreover, the Commissioner maintains that the ALJ's statement has nothing to do with SSR 96-7p and refers not to tests recommended by Dr. Cohen but to tests recommended by physicians who saw plaintiff in the emergency room. (Tr. 19, 159).

Lastly, plaintiff contends that new and material evidence covering the period from January 20, 2004 through February 14, 2004 (Tr. 315-23) was submitted to the Appeals Council. Plaintiff argues that this evidence is material because it contains a Global Assessment of Functioning score of 48. (Tr. 315). However, the Commissioner notes that new evidence can only be considered if it is material and if there is good cause for not presenting the evidence in a prior proceeding. She maintains that the plaintiff has neither demonstrated "good cause" nor materiality for obtaining a sentence six remand.

I find the Commissioner's arguments persuasive. As the Commissioner points out, the ALJ considered Dr. Cohen's treatment records via the testimony of Dr. Schacht and considered Dr. Cohen's records separately, reasonably finding that those records did not support disability. (Tr. 16-17). Furthermore, the ALJ reasonably rejected the assessment of nurse practitioner Starkey as an unacceptable medical source, 20 C.F.R. § 404.1513(a), as well as the assessment of consultative examiner Ms. Garland due to ambiguity, and therefore, did not err in failing to include their limitations in the hypothetical question. (Tr. 20) Stanley v. Secretary of Health and Human Services, 39 F.3d 115, 118 (6th Cir. 1994) (ALJ was not required to include limitations unsupported by the record); Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987) (ALJ considered plaintiff's credible limitations and relied on VE

6

testimony in response to a hypothetical question that accurately reflected plaintiff's limitations). Also, as the Commissioner explains, plaintiff is clearly mistaken in her argument that the ALJ stated she showed "poor judgment" when she declined tests recommended by Dr. Cohen. Lastly, the medical records submitted to the Appeals Council were not part of the record for the ALJ's review, and thus, cannot be considered for substantial evidence review. Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). Furthermore, because the plaintiff fails to satisfy the "good cause" requirement for a sentence six remand. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986) (" this circuit has taken a harder line . . . the complainant must give a valid reason for his failure to obtain evidence prior to the hearing."), this Court need not address the issue of materiality. Thus, this issue is without merit.

In light of the foregoing, it is hereby **RECOMMENDED**[2] that the plaintiff's motion to remand [Doc. 11] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 13] be **GRANTED**.

> Respectfully submitted,
>
>    s/C. Clifford Shirley, Jr.   
> United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).